# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2022

Lyle W. Cayce
Clerk

No. 21-10961
Summary Calendar

───────────

Adelbert H. Warner, II,

*Petitioner—Appellant*,

*versus*

K. Zook, *Warden*, *FCI Seagoville*,

*Respondent—Appellee*.

───────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1473

───────────

Before Higginbotham, Duncan and Wilson, *Circuit Judges*.

Per Curiam:*

Adelbert H. Warner, II, federal prisoner # 13604-040, seeks to proceed in forma pauperis (IFP) in this appeal from the denial of his 28 U.S.C. § 2241 petition. In doing so, he challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*,

───────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10961

117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3). To obtain IFP status, Warner must show not only that he is a pauper but also that his appeal raises a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Warner's § 2241 petition attacks his convictions for producing and distributing child pornography, which he previously challenged without success under 28 U.S.C. § 2255. To attack a conviction or sentence under § 2241, a federal prisoner must satisfy the savings clause of § 2255(e) by showing the inadequacy or ineffectiveness of the § 2255 remedy. *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001). A prisoner makes this showing if he demonstrates that his petition raises a claim previously foreclosed by circuit law and based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense. *Id.* at 904.

In Warner's view, the savings-clause test does not apply here because he asserts actual innocence. But the cases he cites do not establish, and this court has not held, that innocence provides an independent gateway for review of claims presented in a § 2241 petition. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Warner also does not suggest that he can make the requisite showing under the savings clause. *See Reyes-Requena*, 243 F.3d at 904.

Accordingly, Warner fails to demonstrate that his appeal involves legal points of arguable merit. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Warner's motions to supplement his brief are DENIED.